Matthew A. Steward (#7637)
Wayne Z. Bennett (#8521)
Kody L. Condos (#17186)
**CLYDE SNOW & SESSIONS**
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah  84111-2216
Telephone:     (801) 322-2516
Facsimile:      (801) 521-6280
mas@clydesnow.com
wzb@clydesnow.com
klc@clydesnow.com

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRADLEY R. FARRER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PEBBLEKICK, INC., a Nevada corporation,<br><br>Defendant. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Civil No.: 2:21-cv-111<br><br>Honorable Jill N. Parrish<br>Magistrate Judge Daphne Oberg |

**1.    PRELIMINARY MATTERS**:

a.  Describe the nature of the claims and affirmative defenses: Plaintiffs assert claims of breach of contract, conversion, and unjust enrichment. Defendant denies the claims and have asserted affirmative defenses.

b.    This case is referred to Magistrate Judge Daphne Oberg under 636(b)(1)(A).

c.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 10, 2021 via telephone. The following attended:

Kody L. Condos, counsel for Plaintiff Bradley R. Farrer.

Trevor Lang, counsel for Defendant Pebblekick, Inc.

    d.    The parties will exchange the initial disclosures required by Rule 26(a)(1) by June 15, 2021.

    e.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.

2. **DISCOVERY PLAN**:  The parties jointly propose to the court the following discovery plan:

    a.    Discovery is necessary on the following subjects:  All allegations and claims set forth in the Complaint and all affirmative defenses raised in the Answer.

    b.    Discovery Phases: Discovery will be conducted in two phases: Fact Discovery and Expert Discovery.

    c.    Designate the discovery methods to be used and the limitations to be imposed.

        (1)    Oral Exam Depositions

            Plaintiff: 10

            Defendant: 10

            Maximum number of hours per deposition 7

        (2)    Interrogatories, Requests for Admission, and Requests for Production of Documents

            Interrogatories: 25 per side

            Admissions: 25 per side

            Requests for production of documents: 25 per side

        (3)    Other discovery methods:  None.

    d.    Discovery of electronically stored information should be handled as follows: Counsel will attempt to provide searchable PDF documents. Parties may request native files if questions concerning authenticity exist, or if any documents or attachments to emails need to be examined or otherwise made available in native form.

    e.    The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows The Parties will adhere to the Court's Standard Protective Order.

    f.    Last day to file written discovery February 28, 2022

    g.    Close of fact discovery:  March 31, 2022

3.   **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

    a.   The cutoff dates for filing a motion to amend pleadings are:

        Plaintiffs: August 31, 2021        Defendants: August 31, 2021

    b.   The cutoff dates for filing a motion to join additional parties are:

        Plaintiffs: August 31, 2021        Defendants: August 31, 2021

4.   **EXPERT REPORTS**:

    a.   Expert Designations and Reports from experts under Fed. R. Civ. P. 26(a)(2) will be submitted on:

        Parties bearing burden of proof: June 1, 2022.

        Counter Designations and Reports: July 15, 2022.

        Rebuttal Reports: August 12, 2022.

    b.   Expert Discovery cutoff: September 30, 2022.

    c.   Deadline for filing partial or complete motions to exclude expert testimony: October 28, 2022.

5.   **OTHER DEADLINES**:

    a.   Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case. October 28, 2022.

6.   **ADR/SETTLEMENT**:

    a.   The potential for resolution before trial is:   ___ good   _x_ fair   ___ poor

    b.   The Parties intend to engage in private alternative dispute resolution for mediation.

---

[1] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.

  c. The Parties will re-evaluate the case for settlement/ADR resolution at the close of fact discovery or as agreed upon by the parties.

7. **TRIAL AND PREPARATION FOR TRIAL:**

  a. The parties should have 30 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than the 14 days provided by Rule).

  b. This case should be ready for trial by:  November 1, 2022

   *Specify type of trial*:  Jury __x__ _____

  c. The estimated length of the trial is:  5 days.

/s/ *Kody L. Condos*                Date: May 10, 2021
Signature and type name of Plaintiffs' Attorney

/s/ *Trevor C. Lang*                Date: May 10, 2021
Signature and typed name of Defendants' Attorney
[Signed electronically with permission granted on May 10, 2020]