FILED
2022 APR 4 AM 11:30
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRADLEY R. FARRER, an individual, Plaintiff, v. PEBBLEKICK, INC., a Nevada corporation, Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO ADD ADDITIONAL PARTIES (DOC. NO. 26) Case No. 2:21-cv-00111 District Judge Jill N. Parrish Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Bradley R. Farrer's Motion for Leave to File First Amended Complaint and to Add Additional Parties, ("Mot.," Doc. No. 26). Mr. Farrer seeks to add Taylor Brown and Damon Lilly as plaintiffs in this action for breach of contract, conversion, and unjust enrichment. Mr. Farrer contends Mr. Brown's and Mr. Lilly's claims arise out of the same series of transactions or occurrences and share common questions of law and fact as his claims. (*Id.* at 1.) Defendant Pebblekick, Inc. ("Pebblekick") opposes this motion, arguing the requirements for joinder are not met. (Mem. Opposing Mot. for Leave to Am. Compl. to Add Additional Parties ("Opp'n"), Doc. No. 27.) Where Mr. Farrer has failed to establish Mr. Brown and Mr. Lilly are likely to assert common questions of law and fact, and where their claims do not arise out of the same series of transactions or occurrences as Mr. Farrer's claims, the court denies the motion.[1]

---

[1] Pursuant to Local Civil Rule DUCivR 7-1(g), the court concludes oral argument is unnecessary and rules based on the parties' written memoranda.

1

BACKGROUND

Mr. Farrer brought this action against Pebblekick in Utah state court in January 2021, and Pebblekick removed the case to federal court in February 2021. (Compl., Doc. No. 2-1; Notice of Removal, Doc. No. 2.) Mr. Farrer's complaint alleges as follows. Pebblekick is an online content service provider which "licenses, develops, and delivers entertainment using proprietary content management tools and OTT delivery platforms." (Compl. ¶ 7, Doc. No. 2-1.) In late 2019, Pebblekick solicited investments from Mr. Farrer to facilitate the purchase of media-related intellectual property rights. (*Id.* ¶ 8.) Mr. Farrer agreed to invest a principal sum of $80,000, and Pebblekick issued a promissory note, agreeing to pay Mr. Farrer the principal sum with interest accrued at a 25% rate on or before April 21, 2020. (*Id.* ¶ 10.) As described in the complaint, the note indicated:

> [A]n event of default would occur if Pebblekick (i) failed to make any payment when due under the note, including the lump sum payment due at maturity; (ii) by the filing of any bankruptcy proceeding; (iii) upon assignment by borrower for the benefit of creditors; or (iv) upon the appointment of a receiver, custodian, trustee, or similar party to take possession of the borrower's assets or property. . . [I]n the event of a default, all principal amounts due become immediately payable.

(*Id.* ¶¶ 12–13.) Pebblekick also agreed to sell "gaming assets to remedy any/or all outstanding amounts owed under the note." (*Id.* ¶ 14.) Pebblekick failed to repay the note on April 21, 2020, and defaulted. (*Id.* ¶¶ 15–16.) In June 2020, Pebblekick's CEO, Don Shiroshi, confirmed the default and agreed to repay the note on a modified schedule, which included an increased return on the original investment. (*Id.* ¶¶ 18–20.) Mr. Shiroshi agreed via text message that the total amount due under the note was $200,000. (*Id.* ¶ 21.) Despite promises of repayment, Mr. Farrer alleges he has only received $60,000 of the amount owed to him. (*Id.* ¶ 24.)

On August 30, 2021, Mr. Farrer filed the instant motion to amend the complaint to add two additional plaintiffs, Taylor Brown and Damon Lilly, arguing their causes of action "arise

out of a series of transactions or occurrences which share the same questions of law as those causes of action already asserted by Mr. Farrer." (Mot. 1, Doc. No. 26.) At the time the motion was filed, fact discovery was set to close on March 31, 2022. (Scheduling Order, Doc. No. 22.)

The proposed amended complaint adds new allegations and claims related to investment agreements between the proposed new plaintiffs and Pebblekick. It includes a separate factual background section for each proposed plaintiff. (*See* Ex. A to Mot., Proposed First Am. Compl. ¶¶ 30–52, Doc. No. 26-1.) As to Mr. Brown, the proposed amended complaint alleges he entered into an investment agreement with Pebblekick on February 6, 2020. (*Id.* ¶ 30.) Mr. Brown loaned Pebblekick $100,000 plus interest in the amount of 15%, with the principal and interest due back to Mr. Brown on April 7, 2020. (*Id.* ¶ 31.) The proposed amended complaint describes the provisions regarding default in Mr. Brown's note as identical to Mr. Farrer's. (*See id.* ¶¶ 33–35.) According to the proposed amended complaint, Pebblekick defaulted by failing to repay Mr. Brown by April 7, 2020. (*Id.* ¶¶ 36–37.) In response to Mr. Brown's demand for repayment, Pebblekick representative Nancy Williams confirmed Pebblekick defaulted and "agreed to pay a $10,000 late fee plus 1% interest per day commencing April 21, 2020." (*Id.* ¶ 39.) Pebblekick has failed to repay Mr. Brown, and Mr. Brown claims he is owed approximately $395,000 as of June 22, 2021. (*Id.* ¶¶ 41, 44.)

As to Mr. Lilly, the proposed amended complaint alleges he entered into an agreement with Pebblekick in July and October 2019. (*Id.* ¶ 45.) Mr. Lilly agreed to loan Pebblekick $300,000, with the principal amount and interest due on April 19, 2020. (*Id.* ¶ 47.) The proposed amended complaint does not provide details about any other terms or conditions of the agreement between Mr. Lilly and Pebblekick. But it alleges Pebblekick failed to repay the balance by the due date. (*Id.* ¶ 48.) The proposed amended complaints states: "In response to a

demand for payment, Mr. Lilly was promised that he would receive 1% interest per day on the remaining amounts . . . [and] Mr. Lilly and Mr. Shiroshi agreed to a monthly repayment plan." (*Id.* ¶ 50.) The proposed amended complaint alleges Pebblekick failed to pay Mr. Lilly and owes an outstanding balance of $1,793,486.40. (*Id.* ¶¶ 51–52.)

In the proposed amended complaint, Mr. Brown and Mr. Lilly each assert a separate breach of contract claim, and they join Mr. Farrer's existing claims for conversion and unjust enrichment. (*Id.* ¶¶ 59–82.)

## LEGAL STANDARDS

Under Rule 15 of the Federal Rules of Civil Procedure, after expiration of the time in which a pleading may be amended as a matter of course, a party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.* Generally, courts may deny leave to amend "only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the amendment].'" *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, a party seeking to amend to join additional plaintiffs as parties must also demonstrate the requirements for joinder are met. As relevant here, Rule 20 provides:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

DISCUSSION

Mr. Farrer does not seek to amend his own claims against Pebblekick. Rather, he seeks to join Mr. Brown and Mr. Lilly as co-plaintiffs and add new claims based on their separate investment contracts with Pebblekick. (Mot. 1, Doc. No. 26.) Accordingly, Mr. Farrer must show the requirements for joinder are met.

Mr. Farrer argues Mr. Brown's and Mr. Lilly's claims "arose out of the same series of transactions or occurrences as they are reasonably related in time, location, and type." (Reply 2, Doc. No. 30.) He further asserts joinder of these parties will "promote judicial efficiency as the commonality between the witnesses, factual timelines, and breaches of similar agreements will prevent the overlapping of proof and duplication in testimony." (*Id.*) Because of this, Mr. Farrer argues permissive joinder is proper under Rule 20(a)(1).

Conversely, Pebblekick argues Mr. Brown's and Mr. Lilly's claims have distinct factual backgrounds which will rise and fall on separate questions of law and fact. (Opp'n 1, 5, Doc. No. 27.) Pebblekick also disputes the claim that all three loan transactions were similar, arguing the transactions "were negotiated separately between different parties and contain different terms" which "will require separate and distinct discovery." (*Id.* at 5.) As a result, Pebblekick contends Mr. Brown and Mr. Lilly cannot be joined properly under Rule 20(a).

For additional plaintiffs to be joined under Rule 20(a), Mr. Farrer must establish both that (1) there is a common question of law or fact; and (2) the proposed parties' claims arise out of the same occurrence, transaction, or series of occurrences.

1. *Common Question of Law or Fact*

To join additional plaintiffs, "[n]ot *all* questions of law or fact must be common; rather, only *some* questions must be common." *Wagoner v. Pfizer, Inc.*, No. 07-1229-JTM, 2008 U.S.

5

Dist. LEXIS 59202, at *4 (D. Kan. July 24, 2008) (unpublished).  In this case, Mr. Brown and Mr. Lilly share common claims with Mr. Farrer against Pebblekick for breach of contract, conversion, and unjust enrichment.  However, the additional two proposed parties are unlikely to assert common questions of law or fact in their pursuit of these claims.  The legal theories associated with breach of contract claims vary greatly and include promissory estoppel, detrimental reliance, mutual assent, and the like.  *See, e.g.*, *Island Wifi Ltd., LLC v. AT&T Mobility Nat'l Accounts LLC*, No. 20-23741-CIV, 2021 U.S. Dist. LEXIS 146339, *27–29 (S.D. Fla. Aug. 3, 2021) (unpublished) (addressing various contract theories).  These theories are likely to differ based on the underlying facts.  The Farrer allegations suggest the underlying note was accompanied by additional oral and written assurances from Mr. Shiroshi, a representative of Pebblekick.  The Brown allegations suggest supplemental written assurances from Ms. Williams, a separate representative of Pebblekick.  And the Lilly allegations are entirely too vague to convey what type of promise to repay was made or how it was construed.  These alleged promises to repay in differing forms from varying representatives will require separate fact discovery and could involve argument on separate legal principles.  In sum, Mr. Farrer has not demonstrated any question of law or fact common to all three plaintiffs will arise in this action.

2. *Claims Arising Out of the Same Transaction, Occurrence, or Series of Transactions*

Additionally, when "the claims of the proposed additional plaintiffs are too factually distinct," they do not arise out of the same series of transactions or occurrences for purposes of Rule 20.  *Kaufman v. Am. Fam. Mut. Ins. Co.*, No. 05-cv-02311, 2008 U.S. Dist. LEXIS 32497, at *4 (D. Colo. Apr. 21, 2008) (unpublished); *see also id.* at *5 (concluding claims "do not arise out of the same transaction or occurrence or series of occurrences, as they all involve different accidents, different injuries, different time frames, communications with different representatives

6

of [defendant], and different reasons for the failure to come to a settlement"). "Courts, in particular, have rejected the notion that the 'same transaction or occurrence requirement' may be construed to allow joinder of parties having only 'similar' claims, for example, breach of contract claims based on the same form contract." *Franconia Assocs. v. United States*, 61 Fed. Cl. 335, 336 (2004); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) (affirming district court finding that joinder was improper where a loan made to the plaintiff by one defendant was unrelated to similar loans made to the plaintiff by other defendants).

Mr. Farrer contends that "courts have generally followed the 'logical relationship test,'" found in *Jacobs v. Watson Pharmaceuticals, Inc.*, No. 10-CV-120-TCK-TLW, 2011 U.S. Dist. LEXIS 61250 (N.D. Okla. June 7, 2011) (unpublished). (*See* Pl.'s Reply to Def. Memo Opp. 3, Doc. No. 30.) The problems with this argument are twofold. First, Mr. Farrer raised this test for the first time in his reply. This is problematic because it deprived Pebblekick of the chance to respond to it, and it's not clear the test fits well in these circumstances. The test suggests "all logically related events entitling a person to institute a legal action against another generally are regarded as comprising the same transaction or occurrence." *Jacobs*, 2011 U.S. Dist. LEXIS 61250, at *6 (internal quotation marks omitted). This "fact-specific" standard is intended to be flexible, allowing the court to promote judicial efficiency. *Id.* at *7–8. In *Jacobs*, the court assessed the defendants' motion to dismiss for misjoinder in the context of a wrongful death negligence/product-liability suit with a tortious fact pattern. This standard does not seem directly applicable to Rule 20(a)(1)(A) in the context of breach of contract and loan transaction claims. Next, even if the test does apply, Mr. Farrer has not sufficiently established his claims bear a logical relationship with Mr. Brown's and Mr. Lilly's.

7

Even if the logical relationship test unequivocally governed contract-based claims, Mr. Farrer has not shown a likelihood of "overlapping proof and duplication in testimony" which would support joinder in this case. *Id.* at *7 (internal quotation marks omitted). Where different individuals were involved in different investment transactions against different factual backdrops, Mr. Farrer would need to show much more to meet this standard. The mere fact that each proposed plaintiff participated in investment transactions with Pebblekick does not bring their claims within the same ambit as each other or Mr. Farrer. Notably, Mr. Brown's and Mr. Lilly's fact patterns are so distinct as to warrant separate factual background sections in the proposed amended complaint. (*See* Proposed First Am. Compl. ¶¶ 30–52, Doc. No. 26-1.) Mr. Brown's and Mr. Lilly's claims arose out of separate loan transactions with differing company representatives and contract agreements. (*Id.*) Further, Mr. Brown's and Mr. Lilly's contracts with Pebblekick were entered into at different times and resulted in different correspondence with Pebblekick regarding the terms of repayment. (*Id.*) Separate trials addressing Mr. Brown's and Mr. Lilly's claims would not result in delay or inconvenience, or add expense, *Jacobs*, 2011 U.S. Dist. LEXIS 61250, at *7, because the claims involve distinct dealings requiring separate scrutiny.

For these reasons, Mr. Farrer is unable to meet his burden under Rule 20(a), and Mr. Brown and Mr. Lilly cannot be joined in this action as additional plaintiffs. Because the requirements for joinder are not met, and Mr. Farrer does not seek to amend his own claims or allegations in the original complaint, the court need not address whether the proposed amendment meets the requirements of Rule 15(a).

CONCLUSION

The court DENIES Mr. Farrer's motion to amend and to add additional parties, (Doc. No. 26).

DATED this 4th day of April, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge